UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                          |   |                    |
|--------------------------|---|--------------------|
| ANGEL SANTOS,            | ) |                    |
|    Plaintiff, | ) |                |
|                          | ) |                    |
|                          | ) | CIVIL ACTION NO.   |
| v.                       | ) | 18-10887-LTS       |
|                          | ) |                    |
|                          | ) |                    |
| LOWELL SUPERIOR COURT,   | ) |                    |
|    Defendant. | ) |                |
|                          | ) |                    |

MEMORANDUM AND ORDER

May 10, 2018

SOROKIN, D.J.

On May 4, 208, pro se plaintiff Angel Santos ("Santos"), who is confined at the Old Colony Correctional Center, Souza-Baranowski Correctional Center, filed a "Motion for Federal Interference." Santos claims that he is receiving ineffective assistance of counsel from the criminal defense attorney currently representing him in a direct appeal.

The Court has an obligation to inquire into its own jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). Even where subject matter jurisdiction exists, the Court must consider whether it should abstain from exercising its jurisdiction so that a state court may resolve some or all of the dispute. "Abstention is a devise designed to facilitate the side-by-side operation of federal and state courts, balancing their respective interests in the spirit of comity." Coggeshall v. Mass. Bd. of Registration of Psychologists, 604 F.3d 658, 664 (1st Cir. 2010). "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, see U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the

parties." Casa Marie, Inc. v. Super. Ct., 988 F.2d 252, 262 (1st Cir.1993) (footnote omitted). Under the doctrine of Younger abstention, federal courts have long recognized 'the fundamental policy against federal interference with state criminal proceedings.'" In re Justices of Superior Court Dept. of Mass. Trial Court, 218 F.3d 11, 16 (1st Cir. 2000) (quoting Younger v. Harris, 401 U.S. 37, 46 (1971)). Younger abstention is even appropriate where litigants "claim violations of important federal rights," id. at 17, as long as the federal claims can be "raised and resolved somewhere in the state process" Maymó-Meléndez v. Álvarez-Ramírez, 364 F.3d 27, 36 (1st Cir. 2004) (emphasis added).

Here, the Court would "needlessly inject" itself in a pending state criminal proceeding if it were examine the sufficiency of counsel's representation of Santos. The Court has no reason to believe that Santos does not or will not have an opportunity to raise all pertinent issues within the state court system.

Accordingly, this action is DISMISSED WITHOUT PREJUDICE on the ground of Younger abstention.

SO ORDERED.

       /s/ Leo T. Sorokin
       United States District Judge